UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY THIBODEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-00002-WBV-DPC** |
| **HORNBECK OFFSHORE OPERATORS, LLC** | **SECTION: D (2)** |

## ORDER

    Before the Court is a Motion to File Intervention Pursuant to FRCP 24(a)(2), filed by Louisiana Workers' Compensation Corporation ("LWCC").[1] LWCC seeks to intervene in this case pursuant to Fed. R. Civ. P. 24(a)(2), as an "intervenor plaintiff" as the workers' compensation carrier for Anthony Thibodeaux's employer, Worknet 2000, Inc.[2] Alternatively, LWCC asserts that it should be allowed to intervene under Fed. R. Civ. P. 24(b)(2)(B) as a permissive intervenor because it has a claim under 33 U.S.C. § 933 for recovery and/or offset, which shares common issues of law and fact with the main action.[3] LWCC certifies that it sought the consent of all parties before filing the Motion, and that the Motion is unopposed.[4]

    Federal Rule of Civil Procedure 24(a) provides that on "timely motion" the court must permit intervention by anyone who is either: (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

---

[1] R. Doc. 10.
[2] *Id*. at ¶ 1; R. Doc. 10-1 at ¶ 3.
[3] R. Doc. 10 at ¶ 6.
[4] *Id*. at ¶ 7.

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[5]  LWCC does not assert that a federal statute grants it an unconditional right to intervene; instead, it moves for intervention under Fed. R. Civ. P. 24(a)(2).

According to Rule 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest.[6]  The Court has reviewed and analyzed the four-factor test set forth above, and finds that LWCC satisfies a majority of the factors and may intervene as of right in this case under Rule 24(a)(2).  As such, the Court does not address LWCC's alternative request for permissive intervention under Rule 24(b).

Accordingly, because LWCC's Motion to File Intervention Pursuant to FRCP 24(a)(2) is unopposed and has merit, **IT IS HEREBY ORDERED** that the Motion[7] is **GRANTED.**  The Clerk's Office is directed to file Louisiana Workers'

---

[5] Fed. R. Civ. P. 24(a).
[6] *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (quoting *Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999)) (internal quotation marks omitted).
[7] R. Doc. 10.

Compensation Corporation's Intervention Complaint Pursuant to FRCP 24(a)(2)[8] into the record in this matter.

New Orleans, Louisiana, April 16, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[8] R. Doc. 10-1.